IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN KAULIK,

      Petitioner,                  No. CIV S-09-2611 GEB KJM P

    vs.

M. MARTEL, et al.,                ORDER AND

      Respondents.           FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner who has filed an initial pleading styled "Petition for Writ of Mandamus" pro se. Petitioner seeks an order from this court directing the Superior Court of Amador County to vacate its denial of petitioner's application for a writ of habeas corpus. See Pet. at 4 (Docket No. 1). The substance of the petition for writ of mandamus challenges petitioner's classification as a sex offender by officials at Mule Creek State Prison, where he is currently housed. He has also requested the appointment of counsel.

        The petition does not state grounds on which this court could grant relief in the form of a writ of mandamus or a writ of habeas corpus. Petitioner challenges the decision of the prison classification committee to designate him a sex offender within the prison population. See id. at 8. If properly pled, that challenge could state a claim for violation of due process

under the Civil Rights Act, 42 U.S.C. § 1983.  See Neal v. Shimoda, 131 F.3d 818, 823-24 (9th Cir. 1997) (holding that a challenge to prison classification as a sex offender falls under § 1983, not the federal habeas statute).  The court expresses no opinion about the merit of the instant claims were they averred under the Civil Rights Act.  However, it is clear that the claims as currently pled cannot proceed as the basis of a petition for writ of mandamus or a petition for writ of habeas corpus.

Based on the foregoing, the court will recommend that the petition be dismissed without prejudice and petitioner given leave to file a complaint under 42 U.S.C. § 1983.  See Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004) (declining to recharacterize a habeas petition seeking transfer to another facility and instead granting leave to file a civil rights action).  In doing so, the court cautions petitioner that, in order to proceed under the Civil Rights Act, he must allege how the conditions or decisions of which he complains have resulted in a deprivation of his constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between an individual defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Petitioner is informed that the court cannot refer to a prior pleading in order to make petitioner's amended complaint – or in this case, his first complaint under the Civil Rights Act – complete.  Local Rule 15-220 requires that a subsequent complaint or petition be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended or new complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once petitioner files a complaint under the Civil Rights Act, the original petition no

longer serves any function in this case.  Therefore, each claim and the involvement of each defendant must be sufficiently alleged in the complaint petitioner files under the Civil Rights Act, if he chooses to so file.

Petitioner has requested the appointment of counsel.  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Petitioner's request for the appointment of counsel will therefore be denied without prejudice.  Petitioner may file a new motion for the appointment of counsel if he chooses to file a complaint under the Civil Rights Act.

Petitioner has filed a motion to proceed in forma pauperis.  The court will address his application after petitioner files a civil rights complaint, should he choose to do so.

Finally, petitioner has filed a motion to supplement his petition.  In light of the recommendation that the petition should be dismissed, the motion to supplement it is moot.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to appoint counsel (Docket No. 3) is denied without prejudice; and

2. The motion to supplement (Docket No. 8) is denied as moot.

IT IS HEREBY RECOMMENDED that the petition for writ of mandamus be dismissed without prejudice and petitioner be granted thirty days from the dismissal of the petition to file a complaint under the Civil Rights Act, 42 U.S.C. § 1983.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

1 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
2 F.2d 1153 (9th Cir. 1991).
3 DATED: January 27, 2010.

_____
U.S. MAGISTRATE JUDGE

4
kaul2611.114+31