IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN KAULIK,

        Plaintiff,                        No. 09-cv-2611 GEB KJN P

    vs.

M. MARTEL, et al.,                   <u>ORDER</u> and

        Defendants.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel in an action filed pursuant to 42 U.S.C. § 1983. He has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

1

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

I.   Screening under 28 U.S.C. § 1915A(a)

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[1] 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

---

[1] Plaintiff initially filed a petition for writ of mandamus, which the court dismissed on March 23, 2010. See Dkt. No. 14. The court gave plaintiff leave to file a complaint under the Civil Rights Act, which plaintiff has now done. See Dkt. No. 15.

action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

The complaint names several defendants, but it only states a possible cognizable claim for relief against defendants Martinez, Hamilton, Cherry, Garcia and Reaves. If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of a claim for violation of due process against those defendants. Plaintiff has not adequately pled a claim for violation of the Equal Protection Clause against any defendant, nor has he alleged any facts on which defendants Martel, Cate, Johnson or Grannis might be held liable.

II.   Plaintiff's request for a preliminary injunction

In his prayer for relief, plaintiff requests a preliminary injunction ordering defendants to remove his classification as a sex offender until he is afforded a hearing that complies with due process or "until this matter can be decided." Complaint at 15. A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984); Gon v. First State Ins. Co., 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard for preliminary injunctive relief requires a

3

party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 375-76 (2008). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff has failed to demonstrate that an order immediately removing his classification as a sex offender is essential to preserve the status quo in the underlying action. More significantly, plaintiff does not demonstrate that in the absence of preliminary relief he is likely to suffer irreparable harm – either on the merits of the instant litigation or, more fundamentally, to his person. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988), citing Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). Rather, a presently existing actual threat must be shown, although the injury need not be certain to occur. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998); Caribbean Marine, supra, 844 F.2d at 674.

Because plaintiff has failed to demonstrate that he is entitled to the immediate relief he seeks, the court will recommend that his request for a preliminary injunction be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for leave to proceed in forma pauperis (Dkt. Nos. 2 and 16) are granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the

California Department of Corrections and Rehabilitation filed concurrently herewith.

      3. Service is appropriate for the following defendants: Martinez, Hamilton, Cherry, Garcia and Reaves.

      4. The Clerk of the Court shall send plaintiff five USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed March 24, 2010.

      5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

        a. The completed Notice of Submission of Documents;

        b. One completed summons;

        c. One completed USM-285 form for each defendant listed in number 3 above; and

        d. Six copies of the endorsed complaint filed March 24, 2010.

      6. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

      IT IS HEREBY RECOMMENDED that:

      1. Defendants Martel, Cate, Johnson and Grannis be dismissed from this action; and

      2. Plaintiff's request for a preliminary injunction, stated in the prayer for relief of his complaint, be denied.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

1  objections shall be filed and served within fourteen days after service of the objections.  The
2  parties are advised that failure to file objections within the specified time may waive the right to
3  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: April 20, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

kaul2611.1a.new

```
 1
 2
 3
 4
 5
 6
 7
 8                  IN THE UNITED STATES DISTRICT COURT
 9                FOR THE EASTERN DISTRICT OF CALIFORNIA
10  STEVEN KAULIK,
11          Plaintiff,                    No. 09-cv-2611 GEB KJN P
12      vs.
13  M. MARTEL, et al.,                    NOTICE OF SUBMISSION
14          Defendants.                   OF DOCUMENTS
15  _____/
16          Plaintiff hereby submits the following documents in compliance with the court's
17  order filed _____:
18          _____     completed summons form
19          _____     completed USM-285 forms
20          _____     copies of the _____
                                     Complaint/Amended Complaint
21  DATED:
22
23
24                                            _____
                                                         Plaintiff
25
26
```